**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4867**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

HOWARD GLEN BLEVINS,

             Defendant – Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  Glen M. Williams, Senior District Judge.  (1:07-cr-00065-gmw-pms-1)

─────────────

Submitted:  April 23, 2009            Decided:  June 5, 2009

─────────────

Before MICHAEL, TRAXLER, and AGEE, Circuit Judges.

─────────────

Affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

─────────────

Larry W. Shelton, Federal Public Defender, Joel C Hoppe, Assistant Federal Public Defender, Charlottesville, Virginia, for Appellant.  Julia C. Dudley, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard Glen Blevins pled guilty to five counts of possessing, transporting, and selling wildlife valued at more than $350 in interstate commerce, in violation of state law, 16 U.S.C. § 3372(a)(2)(A) (2006). In sentencing Blevins, the district court rejected Blevins' request that he be sentenced to probation, and instead, the district court sentenced Blevins to six months' imprisonment on each count to be served concurrently. The district court also ordered Blevins to pay $6970 in restitution to the Virginia Department of Game and Inland Fisheries to reimburse the agency for its investigation of Blevins. We affirm the district court's order with respect to Blevins' sentence of imprisonment, but vacate the order with respect to restitution and remand to the district court.

This court reviews a sentence imposed by a district court under a deferential abuse of discretion standard. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, we must first ensure that the district court committed no procedural error, such as failing to calculate or improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the factors set forth in 18 U.S.C. § 3553(a) (2006), selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall v. United States,

2

128 S. Ct. 586, 597 (2007).  If there are no procedural errors, we then consider the substantive reasonableness of the sentence. Id.  A substantive reasonableness review entails taking into account the totality of the circumstances.  United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quotations and citation omitted).  In making this assessment, this court presumes a sentence within the guidelines range to be reasonable.

We have reviewed the record and find that the district court did not commit procedural error in sentencing Blevins, nor was Blevins' sentence substantively unreasonable.  Because Blevins' sentence fell within his advisory guidelines range, we presume it is reasonable.  Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2459 (2007).  Blevins offers no persuasive argument to rebut this presumption.  Accordingly, we affirm the prison term imposed by the district court.

Blevins also argues on appeal that the district court erred in imposing restitution, arguing that the Virginia Department of Game and Inland Fisheries is not a victim entitled to restitution under 18 U.S.C. §§ 3663 (2006), 3663A (2006) or 18 U.S.C. §§ 3583(d) (2006), 3563(b)(2) (2006).  The Government concurs that the district court erred in its order regarding

3

Blevins' restitution.  We agree.[*]  Accordingly, we vacate the district court's judgment with respect to the restitution order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
REVERSED IN PART,
AND REMANDED

---

[*] Although this court has never addressed in a published opinion whether a state law enforcement agency that expends funds in the course of an investigation can be a "victim" of an offense entitled to be awarded restitution, our sister circuits that have considered this question appear to be unanimous in concluding that restitution is not appropriate in such circumstances.  See United States v. Cottman, 142 F.3d 160, 169 (3d Cir. 1998); United States v. Khawaja, 118 F.3d 1454, 1460 (11th Cir. 1997); United States v. Meacham, 27 F.3d 214, 218-19 (6th Cir. 1994); United States v. Gibbens, 25 F.3d 28, 29 (1st Cir. 1994); United States v. Salcedo-Lopez, 907 F.2d 97, 98-99 (9th Cir. 1990).